TIMBERLAKE'S ADM'R & AL.

*v.*

JENNINGS & AL.

(*Supreme Court of Appeals of Virginia, March 26, 1891.*)

[13 S. E. Rep. 28.]

**Secondary Evidence—Administrator's Bond—Loss of Record.**

The entry in a "fiduciary book," in which Code Va. 1849, c. 132, ₹ 1, and Code 1860, c. 132, ₹ 1, required the clerk of the court to keep a record of personal representatives and their sureties, is, in the absence of the bond and other records, which were lost during the war, sufficient to show the fact of the suretyship of the persons named therein. Hinton and Richardson, JJ., dissenting.

*W. W. Gordon,* for appellants.

*J. F. Hubbard, Conway Sands* and *George P. Hard,* for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

This is an appeal by the personal representative of Thomas N. Timberlake, deceased, and the personal representative of B. B. Jones, deceased, from a decree of the circuit court of New Kent county, rendered October 27, 1888, in a suit pending in the said court in the name of the heirs and distributees of Isaac S. Jennings, deceased, complainants originally, against A. I. E. Jennings, administrator of I. S. Jennings, deceased, and Thomas N. Timberlake and H. D. Vaiden; all of which parties defendant being dead, the suit is proceeding against their personal representatives. The suit was instituted to enforce a settlement of the estate accounts

of said A. I. E. Jennings as administrator of the estate of I. S. Jennings, deceased, and to compel payment of the balance charged to be due from the said administrator of I. S. Jennings and said T. N. Timberlake and H. D. Vaiden, who are alleged to have been the sureties of the said A. I. E. Jennings upon his official bond as such administrator aforesaid. The said Timberlake and Vaiden in their lifetime and their personal representatives since and now do not deny positively that the said Timberlake and Vaiden were ever sureties on the administration bond of the said A. I. E. Jennings, administrator of I. S. Jennings, deceased, but only to the best of their belief they were not, and A. I. E. Jennings, administrator, in his answer also says that he does "not think" that they were his sureties on his administration bond. The sole issue now before this court is whether the said T. N. Timberlake and H. D. Vaiden were sureties of said A. I. E. Jennings, as administrator of Isaac S. Jennings, deceased, on his official bond as such. The bond itself, executed by A. I. E. Jennings as administrator of Isaac S. Jennings, deceased, is not produced, nor is it or any copy of it to be found in the records of the county court of New Kent county, where said A. I. E. Jennings qualified as administrator of I. S. Jennings, deceased. The only thing offered and relied on by the complainants I. S. Jennings' distributees as record evidence of the execution of the said administrator's bond by the said T. N. Timberlake and H. D. Vaiden as sureties thereon is an entry in a book produced and claimed by the complainants to be the fiduciary book which was kept by the clerk of the county court of New Kent county as the record of the executorial and administration bonds. Is that book the genuine "fiduciary book," and is the entry in it, relied on by the complainants, conclusive evidence of the execution of said bond by A. I. E. Jennings, and T. N. Timberlake and H. E. Vaiden as his sureties, in the absence of the bond itself? The court below has

said in the decree of October 27, 1888, complained of, that it is, and this appeal is, on this issue, from that decree.

It is not disputed—but is a fact in the record—that A. I. E. Jennings did qualify as the administrator of I. S. Jennings, deceased, in the county court of New Kent county, on the 8th of December, 1859, and did then give bond as such, with some one or more as his sureties ; and the only question here in issue is, who were these sureties ?    The Code of 1849, c. 132, § 1, and the Code of 1860, c. 132, § 1, require the clerks of the courts to keep a record in a book of all the personal representatives, their sureties, etc.    The act of 1869–70, c. 293, changed this.    No minute book of 1859 is produced, and no bond ; but it is proved that the most important of the records of New Kent county court's clerk's office were taken to Richmond in 1862 for safety and were deposited in the state-house, and were doubtless burned there in 1865.    The sole evidence adduced as record evidence is this book, called a "Fiduciary Book," which is said to have been taken to some northern state, and restored after the war.    This book contains an entry of A. I. E. Jennings as administrator of Isaac S. Jennings, deceased, and of Thomas N. Timberlake and H. D. Vaiden as his sureties, in a bond in the penalty of $4,000 of 8th of December, 1859.    Thomas Barham, as commissioner in chancery, says that of his own knowledge Timberlake and Vaiden were sureties upon the official bond of A. I. E. Jennings, administrator of Isaac S. Jennings, deceased, but the court sustained an exception to his *ipse dixit* as evidence. Madison I. Martin testifies that there was an entry made in this "fiduciary book" in 1866, of Andrew J. Martin, as administrator of Mary T. Timberlake, when it should have been Madison I. Martin, etc.    John G. Green testifies to the burning of the state-house in Richmond, and O. M. Chandler to the removal of the records of the county court of New Kent, in 1862, to Richmond.    The testimony is that

this entry of A. I. Jennings as administrator of I. S. Jennings, deceased, and T. N. Timberlake and Henry D. Vaiden as his sureties, was in what was in 1859 kept as the fiduciary book in the clerk's office of the county court of New Kent county, in accordance with the requirements of the law, and was in the handwriting of John D. Christian, who was then the clerk in that office of that court. This case is one of the many occasioned by the destruction or derangement of court records and record evidence in the counties of Virginia by the casualties of war, and the extraordinary circumstances compel a departure from the strict and beaten track of record evidence. There is an entry in a book identified and fully proved to have been the one kept in the clerk's office of the county court of New Kent county, in the handwriting of the then clerk, John D. Christian, as the "list of fiduciaries," as required by the Codes of 1849 and 1860, which fully proves that A. I. E. Jennings did duly qualify as administrator of I. S. Jennings, deceased, and T. N. Timberlake and Henry D. Vaiden as his sureties as such administrator, December 8, 1859. Our judgment is that the decree complained of is without error in holding the estates of T. N. Timberlake, deceased, and Henry D. Vaiden, deceased, liable as sureties aforesaid, and the said decree must be affirmed.

LACY, J., absent. HINTON and RICHARDSON, JJ., dissent. LEWIS, J., concurs.